**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000793
22-AUG-2014
08:57 AM**

NO. CAAP-12-0000793

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

J.F., Plaintiff-Appellee,
v.
J.F., Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 10-1-135K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

In this post-divorce decree proceeding, Defendant-Appellant J.F. (Mother) appeals from the "Findings of Fact, Conclusions of Law, and Order of the Court" (Order), filed August 16, 2012, in the Family Court of the Third Circuit (Family Court).[1] In the Order, the Family Court modified its original child custody award by giving J.F. (Father) sole legal and physical custody of Mother and Father's child (Child) subject to Mother's reasonable right of visitation.

On appeal, Mother appears to raise the following issues:[2] (1) the Family Court's findings "should be denied"

---

[1] The Honorable Aley K. Auna, Jr. presided.

[2] Mother's opening brief does not comply with Rule 28 of the Hawai'i Rules of Appellate Procedure (HRAP) in a variety of ways, including that she does not indicate where in the record she objected to the errors she now contends were made by the Family Court or where she brought the errors to the attention of the Family Court. However, in an effort to decide Mother's appeal on the merits, we will address her contentions as best as they can be
(continued...)

because they are not supported by declarations or affidavits;
(2) the Family Court should not have considered Father's
contention that Mother is unable to care for Child because it was
hearsay and/or there was contrary evidence presented; (3) the
custody evaluation was not justified and the custody evaluator
was not independent; (4) Mother received ineffective assistance
of counsel; (5) the Family Court erred in ruling that there were
material changes in circumstance that warranted a change in
Child's custody; and (6) Mother should be awarded attorney's fees
and costs.

Upon careful review of the record and the briefs
submitted and having given due consideration to the arguments
advanced and the issues raised, as well as the relevant legal
authorities, we resolve Mother's points of error as follows and
affirm.

I.  The Family Court's Findings and Consideration of Evidence

Mother variously appears to challenge the Family
Court's findings of fact, the Family Court's determinations on
the credibility of witnesses, the admissibility and/or weight of
certain evidence, and the custody evaluation.

As to Mother's challenge to the Family Court's findings
of fact, she does not point to any specific finding of fact to
which she objects and she fails to present any argument or
evidence to refute the Family Court's findings of fact.  This
point is therefore waived pursuant to Hawai'i Rules of Appellate
Procedure (HRAP) Rule 28(b)(7) ("Points not argued may be deemed
waived.").

Mother also contends that Father made hearsay
statements and false statements that should not have been
considered by the court and that the Family Court overlooked
recommendations made by Carlene Greenlee (Greenlee), a social
worker with the Department of Human Services.  There is no merit

---

[2]  (...continued)
discerned.  See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 385-86, 885
P.2d 361, 363-64 (1994).

in Mother's contention about hearsay evidence. Moreover, "it is not the province of the appellate court to reassess the credibility of the witnesses or the weight of the evidence[.]" In re Doe, 95 Hawai'i 183, 197, 20 P.3d 616, 630 (2001). Although there may have been some conflicting evidence as to the custody issue, it was within the discretion of the Family Court to assess the credibility and weight of the evidence presented. From our review of the record, the Family Court did not abuse its discretion.

Mother further contends that the Family Court was not justified in ordering a custody evaluation, and that the custody evaluator, Dr. Jeffrey Cumes (Dr. Cumes), was not independent because Father owed him money. We do not agree. Pursuant to HRS § 571-46(a)(4) (Supp. 2012), the Family Court is authorized to order a custody evaluation "[w]henever good cause appears therefor[.]" Given the record, the Family Court had ample justification to order the custody evaluation in this case. Additionally, we find no support in the record for Mother's claim that Dr. Cumes was not independent.

II.  Ineffective Assistance of Counsel

Mother claims she received ineffective assistance of counsel because her counsel failed to secure Dr. Cumes's testimony at the evidentiary hearing. There does not appear to be authority in Hawai'i that allows an ineffective assistance of counsel claim in a child custody case, especially where a party retained their own attorney. Hawai'i has recognized a right to effective assistance of counsel in proceedings involving the termination of parental rights, In re RGB, 123 Hawai'i 1, 18-19, 229 P.3d 1066, 1083-84 (2010), but that is not the circumstance of this case. Moreover, even if we assume there were such a right in this case, Mother has not demonstrated that the proceedings in the Family Court were fundamentally unfair as a result of her counsel's alleged incompetence. Id. at 25, 229 P.3d at 1090. Mother does not indicate how she was prejudiced to the extent that she was denied a fair proceeding.

3

III. Material Change of Circumstances

The core of Mother's appeal is that there were no material changes to the parties' circumstances to warrant a change in the Child's custody. "To obtain the family court's change of a custody order, the movant 'must show a material change of circumstances since the previous custody order, and must show that such a change of custody is in the best interest of the child.'" Egger v. Egger, 112 Hawai'i 312, 318, 145 P.3d 855, 861 (App. 2006) (quoting Nadeau v. Nadeau, 10 Haw. App. 111, 121, 861 P.2d 754, 759 (1993)); see HRS 571-46(a)(6) (Supp. 2013).

We review whether a material change in circumstances has been demonstrated under the right/wrong standard. Hollaway v. Hollaway, CAAP-12-0000816, 2014 WL 1744074, at *6 (App. Apr. 30, 2014, as corrected May 1, 2014); Davis v. Davis, 3 Haw. App. 501, 506, 653 P.2d 1167, 1171 (1982).

At the time of the initial custody order, Father agreed that Mother should have primary physical custody of Child. However, in subsequent proceedings relevant to this appeal, Father raised numerous arguments as to why a material change in circumstances had occurred warranting a change in the Child's custody. After ordering a custody evaluation by Dr. Cumes and receiving Dr. Cumes' evaluation report of March 26, 2012, the Family Court issued orders that awarded temporary physical custody to Father. Then, after further hearings, the Family Court issued its August 16, 2012 Order determining that Father had met his burden of showing a material change of circumstances such that a change of custody was warranted.

In its Order, the Family Court made certain findings and also concluded that the custody evaluation by Dr. Cumes was significant in the court's initial award of temporary physical custody to Father and further, that Dr. Cumes's recommendations are "persuasive and well founded."

Given Dr. Cumes's custody evaluation and the findings by the Family Court, there were a number of material changes that

4

occurred after the initial custody order. First, Mother's brother (Uncle), who apparently suffers from emotional issues, moved back to Hawai'i and was residing for a time in the same house as Mother and Child (they were all residing with the parents of Mother and Uncle). In the custody evaluation, Dr. Cumes raised concerns about Mother permitting Child to have continued contact with Uncle after it was clear that Uncle had significant emotional problems, had attempted to commit suicide, and allegedly sexually assaulted Child. Moreover, although Mother had rented a home of her own, her financial circumstances were uncertain and there was no assurance that she would not move back into her parents' home. Second, Mother was stopped for driving under the influence of alcohol and Child was in the vehicle. The Family Court noted that this was a one-time incident. Third, the Family Court found that Child is caught in the middle of disputes between Mother and Father and tries to appease both parents. Fourth, the Family Court concluded that Mother and Father are unable to communicate with each other appropriately and effectively. Fifth, the custody evaluation notes that Father's living circumstances are now such that he can provide a more stable situation and can offer the safer and more nurturing environment. These changed circumstances are referred to in the custody evaluation and/or the Family Court's Order.

Given the record in this case, we conclude the Family Court was correct in ruling that Father met his burden to demonstrate a material change in circumstances warranting the change in custody.

IV. Attorney's Fees and Costs

Under HRS § 580-47(f) (Supp. 2013), the Family Court had discretion whether to award attorney's fees and costs. The Family Court did not abuse its discretion in not awarding attorney's fees and costs to Mother.

5

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order of the Court," filed on August 16, 2012, by the Family Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai‘i, August 22, 2014.

On the briefs:

J.F. Defendant-Appellant, pro se

J.F. Plaintiff-Appellee, pro se

Presiding Judge

Associate Judge

Associate Judge

6